IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CR-56-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ABDULADHIM AHMED AL SABAHI, ) | |
| ) | |
| Defendant. ) | |

On August 12, 2011, Abduladhim Ahmed Al Sabahi ("defendant") filed a motion to dismiss the indictment because (1) he allegedly was legally and lawfully in the United States for purposes of 18 U.S.C. § 922(g)(5)(A) when he possessed a firearm on or about March 18, 2007, and on or about May 9, 2007; and (2) when the offense conduct took place defendant was in removal proceedings; therefore, only an immigration judge has jurisdiction to determine whether he was an alien legally and lawfully in this country [D.E. 30]. On August 21, 2011, the United States responded in opposition [D.E. 31]. As explained below, the motion to dismiss is denied.

The indictment alleges:

### COUNT ONE

On or about March 18, 2007, in the Eastern District of North Carolina the defendant, ABDULADHIM AL SABAHI, then being an alien illegally and unlawfully in the United States, knowingly possessed in and affecting commerce, a firearm specifically: a Highpoint, .9mm Lugar Model C9, in violation of Title 18 United States Code, Sections 922(g)(5)(A) and 924(a)(2).

### COUNT TWO

On or about May 9, 2007, in the Eastern District of North Carolina, the defendant, ABDULADHIM AL SABAHI, then being an alien illegally and unlawfully in the United States, knowingly possessed, in and affecting commerce, a firearm,

specifically: a Lorcin .380 Model L380, in violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2).

Indictment, 1–2 [D.E. 16].

According to 18 U.S.C. § 922(g)(5)(A), "It shall be unlawful for any person - who, being an alien - is illegally or unlawfully in the United States; to . . . possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(5)(A). According to 18 U.S.C. § 924(a)(2), "Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924 (a)(2).

Defendant, a Yemeni citizen, entered the United States in 1997 under a nonimmigrant visitor visa and was authorized to stay up until May 12, 1998. Compl. [D.E. 1] ¶ 4. Defendant, however, did not depart as required and overstayed his visa. Id. ¶ 5. Between 1998 and 2003, defendant married three United States citizens in succession. Gov't's Resp. 1. On July 30, 2003, while removal proceedings were pending, defendant applied for an immigration status adjustment based on his second marriage. Id. While the application was pending, defendant was found in possession of the firearms described in the indictment. Id.

Initially, defendant argues that his application to adjust his status legalized his presence in the United States for purposes of 18 U.S.C. § 922(g)(5)(A). Def.'s Mem. Supp. Mot. Dism. 10–15. However, "an alien who has acquired unlawful or illegal status (either by overstaying a visa or illegally crossing the border without admission or parole) cannot relinquish that illegal status until his application for adjustment of status is approved." United States v. Elrawy, 448 F.3d 309, 314 (5th Cir. 2006); see United States v. Ochoa-Colchado, 521 F.3d 1292, 1294–98 (10th Cir. 2008); United States v. Latu, 479 F.3d 1153, 1158–59 (9th Cir. 2007); United States v. Bazargan, 992 F.2d 844, 848 (8th Cir. 1993). Thus, the court rejects defendant's first argument.

2

Next, defendant argues that because he was in removal proceedings when the alleged criminal conduct took place only an immigration judge has jurisdiction to determine whether he was an alien legally and lawfully in the United States. Def.'s Mem. Supp. Mot. Dism. 15–16. However, the pendency of removal proceedings does not convert an alien's status. See, e.g., Ochoa-Colchado, 521 F.3d at 1295; United States v. Atandi, 376 F.3d 1186, 1188–89 (10th Cir. 2004). Furthermore, defendant cites no authority to suggest that pending removal proceedings divest this court of jurisdiction to determine whether a person has violated 18 U.S.C. § 922(g)(5)(A). Thus, the court rejects defendant's second argument.

In sum, defendant's motion to dismiss the indictment [D.E. 30] is DENIED.

SO ORDERED. This **30** day of August 2011.

JAMES C. DEVER III
United States District Judge

3